

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PAKULSKI,

    Plaintiff,

vs.

CLEARVUE OPPORTUNITY XXII, LLC,
Successor in Interest or Assign,

    Defendant.
_____/

Civil Action No.
13-cv-10169

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER GRANTING DEFENDANT CLEARVUE OPPORTUNITY XXII, LLC'S MOTION TO DISMISS (Dkt. No. 5)**

The Court has before it Defendant Clearvue Opportunity XXII, LLC's Motion to Dismiss, filed on January 23, 2013. (Dkt. No. 5.) Plaintiff David Pakulski failed to file a response to Defendant's motion. The Court will thus consider Defendant's motion unopposed. *See* E.D. Mich. LR 7.1(c)(1) (providing that "[a] respondent opposing a motion must file a response . . . ."). Pursuant to Eastern District of Michigan Local Rule 7.1(f), the Court finds that oral argument is not necessary.

Having reviewed both the Complaint and Defendant's motion to dismiss, the Court finds that Defendant's arguments are well founded and will therefore **GRANT** Defendant's motion and **DISMISS** the action **WITH PREJUDICE**.

## I. BACKGROUND

The factual allegations contained in the Complaint are sparse. The Complaint involves property located at 13849 Bernice Avenue in Warren, Michigan. Plaintiff alleges that he was granted

1

a warranty deed to this property and is currently residing there. (Compl. ¶¶ 3, 5.) The property was evidently subject to a mortgage interest held by Defendant or Defendant's assignor. Plaintiff alleges that he "attempted to get a loan modification and/or negotiate in good faith a settlement of the subject property." (Compl. ¶ 6.) Negotiations apparently failed, causing Defendant to foreclose, and a sheriff sale of the property occurred on July 13, 2012. (Compl. ¶ 7.)

Plaintiff filed the instant Complaint in a Macomb County court on December 6, 2012. Defendant filed a Notice of Removal on January 16, 2013, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1.)

## II. STANDARD OF REVIEW

A Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Following *Twombly* and *Iqbal*, it is well settled that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its fact[.]" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal punctuation omitted, emphasis in original). A plausible claim requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. ANALYSIS

As an initial matter, the Court notes that the Chief Judge of this United States District Court, Gerald E. Rosen, has previously sanctioned Plaintiff's attorney, Emmett Greenwood, based on

repeated frivolous filings. The following language from Chief Judge Rosen's February 8, 2013 Opinion and Order Imposing Sanctions Pursuant to Rule 11 and 28 U.S.C. § 1927 on Plaintiffs' Attorney, Emmett Greenwood, is pertinent to the instant matter:

> Mr. Greenwood appears to have made a living off distressed clients facing foreclosure of their mortgages and/or eviction from their homes. A review of the Eastern District of Michigan docket shows no fewer than 75 foreclosure cases filed by Mr. Greenwood in the last 12 months alone, virtually none of which have survived dispositive motion practice. Some were dismissed by stipulation. Some have been dismissed for failure of Mr. Greenwood to appear or respond to a dispositive motion. Others were dismissed for filing a response that was non-responsive to the dispositive motion. The Court is aware of one case that has been stayed by stipulation of the parties. As of this date, 33 of the cases filed by Mr. Greenwood remain pending before the various judges of the Eastern District. . . .
>
> In each of these cases, Mr. Greenwood filed essentially the same "cut and paste," cookie cutter complaint, each alleging the very same counts, and each replete with the same spelling, typographical, and party gender and number errors. This slip shod litigation practice does not improve during the course of the lawsuits. In many of his cases -- including cases assigned to this Court -- Mr. Greenwood failed to timely respond to dispositive motions and instead, has acted -- if at all -- only when ordered to do so. *See e.g., Bahnam v. Green Tree Servicing LLC*, No. 12-12303 (July 20, 2012 order directing the plaintiff to respond to a motion to dismiss, Dkt. # 7); *McCraney v. Bank of America, N.A.*, NO. 12-11082 (May 11, 2012 order). *See also Phelps v. Nations Star Mortgage LLC*, No. 12-12589 (Dec. 6, 2012 order dismissing action for failure to respond to show cause order).
>
> . . . .
>
> Furthermore, this Court, as well as numerous other Eastern District of Michigan judges, have previously dismissed Mr. Greenwood's cases pointing out in the dismissal orders the lack of merit to the claims alleged. *See e.g., McCraney, supra,* July 12, 2012 Opinion and Order Granting Defendant's Motion to Dismiss, Dkt. # 11; *Bahnam, supra,* Aug. 14, 2012, Opinion and Order Granting Defendant's Motion to Dismiss, Dkt. # 11; *see also, Jenkins v. Wells*

> *Fargo Bank, N.A.*, 12-12278 (Steeh, J.), July 25, 2012 Order Granting Defendant's Motion to Dismiss, Dkt. # 7; *Saxton v. Wells Fargo Bank, N.A.*, No. 12-11670 (Cohn, J.), August 17, 2012 Memorandum and Order Granting Defendant's Motion for Judgment on the Pleadings and Dismissing Case, Dkt. # 12; *Enyia v. Federal Home Loan Mortgage Corp.*, No. 12-12118 (Battani, J.), Aug. 31, 2012 Opinion and Order Granting Defendants' Motion to Dismiss, Dkt. # 11; *Evans v. LNV Corporation*, 12-12287 (Edmunds, J.), Sept. 13, 2012 Order Granting Defendant's Motion to Dismiss, Dkt. # 6. Undeterred by these dismissals, Mr. Greenwood has continued to file his cookie-cutter complaints . . . .

*Landis v. Fannie Mae*, No. 12-11996, Feb. 8, 2013 Opinion and Order Imposing Sanctions at 2-4 (footnotes omitted).

Notwithstanding Chief Judge Rosen's Order, noted above, this Court will examine Plaintiff's claims *de novo*. At the same time, the Court will refer to previous district court opinions, not as precedent, but as they are relevant to this decision.

Counts I, III, IV, and V in the instant Complaint are the same "cookie cutter" claims, with the same flaws, as the Complaint in the *Landis* case and the cases cited therein. Count II is a claim labeled "Assignment of the Mortgage Without the Note" – a new "cookie cutter" claim that Mr. Greenwood added to generic mortgage foreclosure complaints beginning in late 2012. This exact claim, like the other claims in the Complaint, has previously been dismissed for lack of merit by other Courts in this District. See *Veal v. OneWest Bank*, No. 12-15695, (E.D. Mich. Apr. 23, 2013) (Cohn, J.), Memorandum and Order Granting Defendant's Motion to Dismiss or for Summary Judgment and Dismiss Case, Dkt. # 9; *Gullett v. MidFirst Bank*, No. 12-15479 (E.D. Mich. Apr. 18, 2013) (Berg, J.), Opinion and Order Granting Defendant's Motion to Dismiss or for Summary Judgment, Dkt. # 9; *Kokona v. Bank of America, N.A.*, No. 12-15459 (E.D. Mich. Mar. 11, 2013) (Steeh, J.), Opinion and Order Granting Defendant's Motion to Dismiss, Dkt. # 7.

While the grounds for dismissing the instant claims have been thoroughly discussed in prior suits brought by Attorney Greenwood, the Court will address them.

1. *Count I*

Count I of the Complaint alleges a quiet title claim. Plaintiff admits that a sheriff's sale has occurred and that the redemption period has expired. (Compl. ¶ 7, 9.) All right, title, and interest has therefore vested in the purchaser at the sheriff's sale. Mich. Comp. Laws § 600.3236.

Plaintiff must show "a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997). Furthermore, Plaintiff's fraud claim must be pled with particularity, including the time, place, and content of the misrepresentations. *Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) The Complaint is void of any facts specifying the time, place, and manner of Defendant's alleged misrepresentations. Plaintiff has therefore failed to allege "a strong case of fraud" that warrants setting aside the foreclosure sale, and his quiet title claim will be dismissed.

2. *Count II*

Count II of the Complaint is titled "Assignment of the Mortgage Without the Note." Plaintiff claims that Defendant has failed to produce authenticated copies showing that Defendant is the owner or holder of the note, and that Plaintiff is thus entitled to a release of his mortgage obligations and a refund "of all monies paid to the defendant." (Compl. ¶ 24.) This claim fails because Michigan law does not require a lender to provide the borrower with the note prior to foreclosure. *See generally* Mich. Comp. Laws § 600.3204.

To the extent Plaintiff seeks to challenge the assignment of the mortgage and/or note from the original lender to Defendant, these claims have been rejected by the Michigan Supreme Court

5

and the United States Court of Appeals for the Sixth Circuit. *See Residential Funding Co. v. Saurman*, 490 Mich. 909, 910 (2011) (noting that "the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security." (citation omitted)); *Conlin v. Mortgage Electronic Registration Systems, Inc.*, --- F.3d ---, 2013 WL 1442263, at *3 (6th Cir. Apr. 10, 2013) (noting that "a third party may only challenge an assignment if that challenge would render the assignment absolutely invalid or ineffective, or void." (citation and punctuation omitted)). Count II therefore fails to state a claim upon which relief may be granted.

*3. Count III*

Plaintiff's unjust enrichment claim in Count III will be dismissed. Unjust enrichment is an implied contract theory. *Martin v. East Lansing School Dist.*, 193 Mich. App. 166, 177 (1992). "However, a contract will be implied only if there is no express contract." *Id.* The mortgage agreement and note in the instant matter are express contracts between Plaintiff and his lender, which explicitly permit the lender to assign the note and mortgage and to foreclose. Accordingly, Plaintiff is not entitled to relief under an implied contract theory.

*4. Count IV*

Count IV alleges that Defendant breached an implied agreement to modify Plaintiff's mortgage loan. This claim is barred by Michigan's statute of frauds. Mich. Comp. Laws § 566.132. Specifically, § 566.132(2) prohibits any action against a lending institution to enforce a promise to modify a loan. *See Crown Technology Park v. D&N Bank, FSB*, 242 Mich. App. 538, 548-53 (2000). Count IV will therefore be dismissed.

*5. Count V*

Count V recites the requirements of Mich. Comp. Laws § 600.3205c and alleges "[t]hat the

Defendants [sic] have failed to follow MCL 3205(c) in that the Defendants [sic] have failed to modify Plaintiff's mortgage." (Compl. ¶ 38.) The Complaint fails to allege any facts to support the conclusory allegation that Defendant violated § 600.3205(c). This claim therefore fails because it lacks sufficient factual allegations to state a viable claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant's motion and **DISMISS** this action **WITH PREJUDICE**.

**SO ORDERED.**

Dated: MAY 03 2013
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE